[No. 1558.]
MACKEY v. MONAHAN ET AL.

1. PLEADING—DEMURRER—WAIVER.
In an action for damage for negligently burning hay, a complaint that fails to allege that plaintiff is the owner of the hay is insufficient to state a cause of action and the defendant does not waive the objection by answering as the objection may be raised at any time.

2. MEASURE OF DAMAGE—EVIDENCE.
In an action for damage for negligently burning hay the measure of damage was what the hay was worth in the market less the expense of transportation, or the market value where it stood if it had a market value at that place, and not what it might be worth to some particular individual.

3. PRACTICE—MOTION FOR NEW TRIAL—EXCEPTION.
It is not necessary to except to the action of the court in overruling a motion for a new trial. The motion and ruling thereon are by section 387 of the code made part of the record without exception.

4. APPELLATE PRACTICE—BILL OF EXCEPTIONS—WAIVER.
An objection to a bill of exceptions on the ground that it is not in proper form, and was not tendered or filed in conformity with the code, comes too late when made for the first time in the argument on final hearing of the case. Not having been raised at the proper time the objection is waived.

*Error to the District Court of Weld County.*

Mr. J. McD. LIVESAY and Mr. GILBERT B. REED, for plaintiff in error.

Mr. JAMES E. GARRIGUES, for defendants in error. ·

THOMSON, P. J.

Monahan and Arrison sued Mackey to recover damages for the loss of property destroyed by a fire kindled by Mackey on his own premises.   The plaintiffs had judgment for $1,200, and the defendant appealed.

The complaint alleged that the plaintiffs were possessed of a tract of land on which were several stacks of hay, and that, as they were informed, the defendant intentionally kindled a fire on adjoining land belonging to him, and negligently suffered it to spread, so that it escaped across the line between the two tracts, and burned up the stacks of hay which stood on the land possessed by the plaintiffs.   The defendant demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. No disposition of the demurrer appears ever to have been made, and the defendant answered, putting in issue the allegations of the complaint.

The cause was tried in the absence of the defendant and his counsel.   On the 14th day of May, the court set the case down for trial on the 16th of May.   The defendant knew nothing of the setting of the cause, and his counsel was engaged in a trial in another county.   At the trial of this cause there was no proof of the market value·of the hay. The jury returned a verdict for the full amount claimed.   In due time the defendant moved for a new trial on the ground, among others, that the verdict was not warranted by the evidence.   The motion was denied.

The complaint did not allege ownership of the hay in the plaintiffs. ` Unless they owned the hay, they sustained no damage, and had no cause of action on account of its destruction.   An allegation of ownership in them was necessary to

the statement of a cause of action, and because of the absence of that allegation, the complaint did not state a cause of action. The plaintiffs' counsel seems to be of the opinion that, by answering, the defendant waived the objection to the complaint taken by his demurrer. As to several of the statutory grounds of demurrer, failure to take the objection by demurrer or answer, is a waiver, but this is not true where the facts stated in the complaint are insufficient to constitute a cause of action. The objection for want of necessary facts in the complaint may be raised at any time. Civil Code, secs. 50, 54, 55.

But on the hypothesis that the complaint was sufficient, the verdict was not supported by the proof. There was no such evidence of the value of the hay as would enable the jury to find the amount of damage sustained. One witness testified that to a person wishing to buy that kind of property, it was worth $12.00 per ton. The fact to be ascertained was what the hay was worth in the market, less the expense of transportation; or, if it had a market value at the place on which it stood, what that value was, and not what it might be worth to some particular individual. The testimony to which we have referred was the only evidence of value introduced. It was not sufficient to warrant the verdict, and the motion for a new trial should have been sustained. Plaintiffs' counsel say that there should have been an exception to the ruling upon the motion, and because there was none, it cannot be considered by us; but counsel has evidently overlooked section 387 of the code, which, in terms, makes an exception to a decision overruling a motion for a new trial, unnecessary. Objection is also taken to the bill of exceptions, that it is not in proper form, and was not tendered or filed in conformity with the code. This objection appears for the first time in the argument upon the final hearing in this court. It comes too late. Not having been interposed at the proper time it was waived. The judgment is reversed and remanded, with leave to the plaintiffs to amend their complaint.

*Reversed.*